Steve **FRAZIER**, Petitioner–Appellant,

v.

Cecil **DAVIS**, Respondent–Appellee.

No. 01–2858.

United States Court of Appeals, Seventh Circuit.

Submitted July 11, 2002.*

Decided July 11, 2002.

Before EASTERBROOK, DIANE P. WOOD, WILLIAMS, Circuit Judges.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

Steve Frazier, an inmate at the Indiana State Prison, brought this action under 28 U.S.C. § 2254 after a prison disciplinary board stripped him of good time credits for refusing to take a urine test. The district court denied relief, and we affirm.

In July 2000 Sergeant L. Shadley ordered Frazier to submit a urine sample during a random drug screening. Frazier refused, allegedly telling Shadley that he would not take the test unless the prison hospital confirmed that his numerous prescription medications would not cause a false positive result. Sergeant Shadley then wrote a conduct report charging Frazier with "refusal to submit to a test to determine the presence of a controlled substance." A conduct adjustment board held a hearing and found Frazier guilty, but the prison's superintendent remanded the case for rehearing because the board had not responded to Frazier's request to have his "medical packet" considered. At a second hearing Frazier did not seek to present any evidence, but he did tell the board that he was "clean" and that he refused to take the test because he thought that his medications would cause him to test positive for illegal drugs. According to the hearing report, the board also confirmed with someone from the prison's nursing station that nothing in Frazier's medical packet would prevent him from providing a urine sample and that none of his medications would yield a false positive. Based on Frazier's statement, Sergeant Shadley's conduct report, and the information from the nursing station, the board found Frazier guilty and recommended that he lose 90 days of earned credit time. Frazier unsuccessfully

appealed to the superintendent and then to the Final Reviewing Authority for the department of corrections, who explained that taking prescribed medications might provide a reason to doubt a positive test result but does not supply grounds for refusing to take the test.

This action was properly brought under § 2254 because Frazier lost good time credits, *see Montgomery v. Anderson,* 262 F.3d 641, 643 (7th Cir.2001), but it is without merit. Frazier received written notice of the charges, an opportunity to call witnesses and present evidence in his defense, and a statement of the board's reasons for its decision. *See Wolff v. McDonnell,* 418 U.S. 539, 564–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). And Sergeant Shadley's conduct report provides "some evidence" of Frazier's guilt, *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999); indeed, Frazier concedes that he refused to submit to the test. Frazier reiterates his contention that prison officials should have excused him from random drug testing because of his medications, but this argument is frivolous. As the Final Reviewing Authority explained, lawful medical treatment, though potentially relevant as a defense to a positive test for illegal drugs, provides no grounds for refusing to take the test.

AFFIRMED.